**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera (SBN 192390)
Kimberly R. Arnal (SBN 200448)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com

Attorneys for Plaintiffs Travelers Property Casualty Company of America

## UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA –SAN JOSE DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation; ALDRIDGE ELECTRICAL, INC., a Delaware corporation; ROSENDIN ELECTRICAL, INC., a California corporation; ALDRIDGE/ROSENDIN JOINT VENTURE, a Delaware and California joint venture and DOES 1 through 100 inclusive,<br><br>Defendants | Case No.<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF**<br>**(2) EQUITABLE REIMBURSEMENT**<br>**(3) EQUITABLE CONTRIBUTION**<br>**(4) EQUITABLE INDEMNITY** |

Comes now Plaintiff, Travelers Property Casualty Company of America ("Travelers"), and pleads the following allegations on information and belief in support of its Complaint herein:

1.      The present action seeks, declaratory relief, equitable contribution and/or equitable indemnity and/or reimbursement with regard to defense fees and costs incurred defending Aldridge/Rosendin, a Joint Venture ("A/RJV") in the underlying action entitled *Skanska Shimmick Herzog JV v. Santa Clara Valley Transportation*

1     *Authority, et al.*, Santa Clara County Superior Court, Case No. 19CV356027 and San

2 Mateo County Superior Court, Case No. 20-CIV-02854 (collectively, "Underlying

3 Action").

4                             **PARTIES**

5         2.       Plaintiff Travelers Property Casualty Company of America is now, and at

6 all relevant times was, a corporation, existing under the laws of the State of Connecticut

7 with its principal place of business in Connecticut. Travelers is, and at all relevant

8 times was, an insurance carrier eligible to do business as an insurer in the State of

9 California.

10         3.       Plaintiff is informed and believes and thereon alleges defendant Liberty

11 Mutual Fire Insurance Company ("Liberty Mutual") is a corporation organized and

12 existing under the laws of the State of Wisconsin with its principal place of business in

13 Massachusetts. Plaintiff is informed and believes and thereon alleges Liberty Mutual

14 is, and at all times relevant was, an insurance carrier eligible to do business as an insurer

15 in the State of California.

16         4.       Plaintiff is informed and believes and thereon alleges defendant Aldridge

17 Electrical, Inc. ("Aldridge") is a corporation organized and existing under the laws of

18 the State of Delaware with its principal place of business in Illinois. Plaintiff is

19 informed and believes and thereon alleges Aldridge is, and at all times relevant was, an

20 electrical contractor licensed and eligible to do business in the State of California.

21         5.       Plaintiff is informed and believes and thereon alleges defendant Rosendin

22 Electrical, Inc. ("Rosendin") is a corporation organized and existing under the laws of

23 the State of California with its principal place of business in California. Plaintiff is

24 informed and believes and thereon alleges Rosendin is, and at all relevant times was,

25 an electrical contractor licensed and eligible to do business in the State of California.

26         6.       Plaintiff is informed and believes and thereon alleges that on or about

27 April 1, 2011, Aldridge and Rosendin formed a joint venture, Defendant

28 Alridge/Rosendin, Joint Venture ("A/RJV"), to enter into a construction contract and

to perform work on the Bay Area Rapid Transit ("BART") Berryessa Extension Project.

7.      Defendants DOES 1 through 100, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE defendants.  Plaintiff will amend this Complaint to reflect the true names when the same are ascertained.  Plaintiff is informed and believe and thereon allege said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

8.      Defendants Liberty Mutual, Aldridge, Rosendin, A/RJV, and DOES 1 to 100, are hereinafter collectively referred to as "Defendants."  Liberty Mutual and DOES 1 to 50, are hereinafter collectively referred to as "Insurer Defendants".  Aldridge, Rosendin and A/RJV are collectively referred to "Insured Defendants".

<u>**VENUE**</u>

9.      Plaintiff is informed and believes and thereon alleges the insurance coverage acts and/or omissions at issue in this litigation took place within the State of California.  Insurer Defendants issued insurance policies for contractors doing business in the State of California who were involved in the Underlying Action, and/or Insured Defendants entered into contracts to perform work in the State of California.  Venue, therefore, lies with this Court, as one or more of the Defendants have a principal place of business in this county, one or more of the Defendants are out of State corporations and do not have a principal local office in this State such that this county is a proper venue, and/or one or more of the Defendants conduct business within this county.

<u>**GENERAL ALLEGATIONS**</u>

**A. <u>The Project and Underlying Action</u>**

10.     Plaintiff is informed and believes that on or about April 1, 2011, Aldridge and Rosendin formed a joint venture called Aldridge/Rosendin, a Joint Venture ("A/RJV") to submit a joint bid for the construction of the BART Berryessa Extension Project.

COMPLAINT

11.     Plaintiff is informed and believes that Santa Clara Valley Transportation Authority ("VTA") entered into an agreement with Skanska-Shimmick-Herzog ("SSH") in December of 2011 to design and build the line, track, stations and systems for Phase I of the Silicon Valley Berryessa Extension Project to extend the existing BART regional heavy-rail rapid transit system from Fremont to San Jose ("Project").

12.     Plaintiff is informed and believes that on or about April 26, 2011, SSH entered into a subcontract with A/RJV to perform the systems and electrical work for the Project.

13.     Plaintiff is informed and believes that SSH filed suit against Santa Clara Valley Transportation Authority ("VTA") on October 2, 2019, in Santa Clara County Superior Court, Case No. 19CV356027 ("Underlying Action").

14.     On or about November 20, 2019, VTA filed a cross-complaint against SSH in the Underlying Action for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence against SSH.

15.     Plaintiff is informed and believes that on or about July 14, 2020, the Underlying Action was transferred to the San Mateo County Superior Court as case number 20-CIV-02854.

16.     On or about July 16, 2020, SSH filed a cross-complaint in the Underlying Action against, amongst others, A/RJV for breach of contract, express contractual indemnity, and claims against performance bond.   Amongst other things, the Underlying Action relates to allegation of deficiencies in the Project.

**B. The Relevant Travelers Insurance Policies**

17.     Travelers issued the following commercial general liability policies to Rosendin:

| Policy Number | Policy Period |
|---|---|
| VTC2J-CO-1A064455 | 4/1/2012 – 4/1/2013 |
| VTC2J-CO-1A064455 | 4/1/2013 – 4/1/2014 |

COMPLAINT

| VTC2J-CO-1A064455 | 4/1/2014 – 4/1/2015 |
| VTC2J-CO-1A064455 | 4/1/2015 – 4/1/2016 |
| VTC2J-CO-1A064455 | 4/1/2016 – 4/1/2017 |
| VTC2J-CO-1A064455 | 4/1/2017 – 4/1/2018 |
| VTC2J-CO-1A064455 | 4/1/2018 – 4/1/2019 |
| VTC2J-CO-1A064455 | 4/1/2019 – 4/1/2020 |
| VTC2J-CO-1A064455 | 4/1/2020 – 4/1/2021 |

The above referenced policies shall be referred to collectively as the "Rosendin Policies."

18. Travelers issued the following commercial general liability policies to Aldridge:

| Policy Number | Policy Period |
| --- | --- |
| VTC2K-CO-131J8762 | 3/31/2013 – 3/31/2014 |
| VTC2K-CO-131J8762 | 3/31/2014 – 3/31/2015 |
| VTC2K-CO-131J8762 | 3/31/2015 – 3/31/2016 |
| VTC2K-CO-131J8762 | 3/31/2016 – 3/31/2017 |
| VTC2K-CO-131J8762 | 3/31/2017 – 3/31/2018 |
| VTC2K-CO-6J773065 | 3/31/2018 – 3/31/2019 |

The above referenced policies shall be referred to collectively as the "Aldridge Policies."

19. The Rosendin and Aldridge Policies contain Commercial General Liability Form CG 00 01 10 01 and CG T1 00, which provide in part as follows:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1. Insuring Agreement.**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . .

**SECTION II – WHO IS AN INSURED**

1.  If you are designated in the Declaration as:

b.  A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

No person or organization is an insured with respect to the conduct of any current of past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

20.     Under the terms of the Rosendin and Aldridge Policies, Travelers has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" during the policy period caused by an "occurrence" (subject to various limitations and exclusions in the policies).

COMPLAINT

21.     The Rosendin and Aldridge Policies contain the following definitions:

"Property damage" means:

    a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Your work"

    a.     Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b.     Includes:

        (1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)  The providing of or failure to provide warning or instructions.

22.     The Rosendin and Aldridge Policies contain exclusions for:

j.     Damage to Property

"Property damage" to:

. . .

(5)     That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your

behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

[P]aragraphs . . . (6) of this exclusion do not apply to "property damage" included in the "products-completed operations hazard".

. . .

**l.  Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.   Damage To Impaired Property Or Property Not Physically Injured.**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

23.     The Rosendin and Aldridge Policies also contain endorsements that state Travelers is under no obligation to provide policy benefits to any insured unless and until all applicable "OCIP", "CCIP" or "Wrap-up" policies have exhausted.  Below is a chart of the relevant policy language.

**Aldridge Policies**

| Policy Period | Policy Language |
|---|---|
| 2013 – 2014 | **AMENDMENT OF OTHER INSURANCE CONDITION – ALL PROJECTS SUBJECT TO A WRAP UP INSURANCE PROGRAM – EXCESS COVERAGE**<br><br>This endorsement modifies insurance provided under the following:<br><br>COMMERICAL GENERAL LIABILITY COVERAGE PART<br><br>1. The following is added to Paragraph b. of Paragraph 4. Other Insurance of Section I. Other Insurance Condition of the Contractors Xtend Endorsement<br><br>This insurance is excess over any "other insurance", whether primary, excess, contingent or on any other basis, which is available covering liability arising out of any project that is or was subject to a "wrap-up insurance program".<br><br>2. The following is added to Section V – Definitions: "Wrap-up insurance program" means any agreement or arrangement, including any contractor-controlled, owner-controlled or similar insurance program, under which some or all of the contractors working on a specific project, or specific projects, are required to participate in a program to obtain insurance that:<br>a. Includes that same or similar insurance as that provided by this Coverage Part; and<br>b. Is issued specifically for injury or damage arising out of such project or projects. |

9

COMPLAINT

| | |
|---|---|
| 2014 - 2015<br>2015 - 2016<br>2016 - 2017<br>2017 - 2018<br>2018 - 2019 | **EXCLUSION–ALL PROJECTS SUBJECT TO A WRAP-UP INSURANCE PROGRAM WITH EXCEPTION FOR LOSSES TO WHICH SUCH PROGRAM DOES NOT APPLY AND EXCESS COVERAGE EXCEPTION** |

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. The following exclusion is added to paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:

**Wrap-up Insurance Program**

"Bodily injury" or "property damage" arising out of any project that is or was subject to a "wrap-up insurance program".

This exclusion does not apply to damages because of "bodily injury" or "property damage" arising out of "your work" on or for such project if:

    (1) The "wrap-up insurance program" for such project does not apply to such damages for any reason other than the exhaustion of the applicable limits of insurance of that program due to the payments of claims;

    (2) The most excess layer of insurance that is available in the "wrap-up insurance program" for such project would apply to such damages but for the exhaustion of the applicable limits of such insurance due to the payment of claims.

2. The following is added to the Definitions Section:

"Wrap-up Insurance Program" means any agreement or arrangement, including any contractor controlled, owner controlled or similar insurance program, under which:

    a. Some or all of the contractors working on a specific project, or specific projects, are required to enroll in a program to obtain insurance that:

|  | (1) Includes that same or similar insurance as that provided by this Coverage Part; and<br>(2) Is issued specifically for injury or damage arising out of such project or projects; and<br>b.  You are or were enrolled or allowed to enroll. |
|---|---|

**Rosendin Policies**

| Policy Period | Policy Language |
|---|---|
| 2012 - 2013<br>2013 - 2014<br>2014 - 2015 | **AMENDMENT OF OTHER INSURANCE CONDITION – ALL PROJECTS SUBJECT TO A WRAP UP INSURANCE PROGRAM – EXCESS COVERAGE**<br><br>This endorsement modifies insurance provided under the following:<br><br>COMMERICAL GENERAL LIABILITY COVERAGE PART<br><br>1. The following is added to Paragraph b. of Paragraph 4. Other Insurance of Section I. Other Insurance Condition of the Contractors Xtend Endorsement<br><br>This insurance is excess over any "other insurance", whether primary, excess, contingent or on any other basis, which is available covering liability arising out of any project that is or was subject to a "wrap-up insurance program".<br><br>2. The following is added to Section V – Definitions: "Wrap-up insurance program" means any agreement or arrangement, including any contractor-controlled, owner-controlled or similar insurance program, under which some or all of the contractors working on a specific project, or specific projects, are required to participate in a program to obtain insurance that:<br>a. Includes that same or similar insurance as that provided by this Coverage Part; and<br>b. Is issued specifically for injury or damage arising out of such project or projects. |

COMPLAINT

| | |
|---|---|
| 2015 - 2016<br>2016 - 2017<br>2017 - 2018<br>2018 - 2019<br>2019 - 2020<br>2020 - 2021 | **EXCLUSION–ALL PROJECTS SUBJECT TO A WRAP-UP INSURANCE PROGRAM WITH EXCEPTION FOR LOSSES TO WHICH SUCH PROGRAM DOES NOT APPLY AND EXCESS COVERAGE EXCEPTION**<br><br>This endorsement modified insurance provided under the following:<br><br>COMMERCIAL GENERAL LIABILITY COVERAGE PART<br>  1. The following exclusion is added to paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:<br><br>**Wrap-up Insurance Program**<br><br>"Bodily injury" or "property damage" arising out of any project that is or was subject to a "wrap-up insurance program".<br><br>This exclusion does not apply to damages because of "bodily injury" or "property damage" arising out of "your work" on or for such project if:<br><br>    (1) The "wrap-up insurance program" for such project does not apply to such damages for any reason other than the exhaustion of the applicable limits of insurance of that program due to the payments of claims;<br>    (2) The most excess layer of insurance that is available in the "wrap-up insurance program" for such project would apply to such damages but for the exhaustion of the applicable limits of such insurance due to the payment of claims.<br>  2. The following is added to the Definitions Section:<br>    "Wrap-up Insurance Program" means any agreement or arrangement, including any contractor controlled, owner controlled or similar insurance program, under which: |

|  | a. Some or all of the contractors working on a specific project, or specific projects, are required to enroll in a program to obtain insurance that:<br>(1) Includes that same or similar insurance as that provided by this Coverage Part; and<br>(2) Is issued specifically for injury or damage arising out of such project or projects; and<br>b. You are or were enrolled or allowed to enroll. |
|---|---|

**B. The Liberty Mutual CCIP Policy**

24.    Plaintiff is informed and believes and thereon alleges that as part of the construction agreement between SSH, VTA and ARJV, SSH agreed to obtain a wrap up policy for the Project (a contractor-controlled insurance program or "CCIP".)

25.    The "CCIP" ultimately obtained by SSH includes the following Liberty Mutual policy:

| Policy Number | Policy Period |
|---|---|
| TB2-661-066301-022 | 2/15/2012 – 7/1/2020 |

The above referenced policy shall be referred to as the "Liberty Mutual CCIP."

26.    A/RJV, by and through its legal representative, tendered its defense and indemnity with regard to the Underlying Action to Plaintiff, under its policies listed above.  In response, Plaintiff agreed to defend A/RJV, subject to a reservation of rights, and has incurred defense fees and costs in defending A/RJV in the Underlying Action of over $ 2,300,000.  Plaintiff continues to incur additional defense fees and costs in defending A/RJV in the Underlying Action.

27.    Plaintiff is informed and believes and thereon alleges that A/RJV qualifies as an insured under the Liberty Mutual CCIP for liability arising out of their work on the Project at issue in Underlying Action.  Thus, Plaintiff is informed and believes and thereon alleges that Defendant Liberty Mutual had a duty to defend A/RJV in the

Underlying Action pursuant to the terms and conditions of its policies issued to their respective insured identified above.

28.    Plaintiff is informed and believes and thereon alleges that A/RJV timely tendered the defense of the Underlying Action to Defendant Liberty Mutual under the Liberty Mutual CCIP.

29.    Plaintiff is informed and believes that Liberty Mutual denied A/RJV's tender of defense and has refused to defend A/RJV in the Underlying Action or pay any of its defense fees.

30.    Insurer Defendants have either refused to defend A/RJV and have failed to pay any amount toward the fees and costs defending A/RJV, or have not paid their equitable share of the defense of A/RJV after agreeing to do so, in the Underlying Action under their policies issued their respective insureds identified above.

31.    Insurer Defendants are in possession of their aforementioned policies of insurance and know the terms and contents thereof, to an equal or greater extent than Plaintiff.  However, on information and belief, Plaintiff alleges that the aforementioned respective policies issued by Insurer Defendants provide an insuring agreement and are written on standard forms which provide, in part, an agreement to defend any insured from and against suits seeking damages potentially covered under the insurance policies and to pay any amounts the insured is legally obligated to pay for covered damages.

32.    Plaintiff is informed and believes and thereon alleges each of the policies issued by Insurer Defendants identified herein fictitiously as DOES 1 to 50 obligates them to defend A/RJV in the Underlying Action as a named insured or additional insured therein.

33.    Plaintiff is informed and believes and thereon alleges A/RJV timely tendered its defense of the Underlying Action, to defendants identified herein fictitiously as DOES 1 to 50 under the policies of insurance issued by DOES 1 to 50 pursuant to which A/RJV qualifies as a named insured or additional insured.

COMPLAINT

34.     Plaintiff is informed and believes and thereon alleges defendants identified herein fictitiously as DOES 1 to 50 have refused to defend A/RJV and have failed to pay any amount toward the fees and costs defending A/RJV in the Underlying Action under the policies of insurance issued by DOES 1 to 50 pursuant to which A/RJV qualifies as a named insured or additional insured.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against all Defendants)

35.     Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

36.     The Rosendin and Aldridge Policies provide that Travelers' duty to defend is limited to claims for "property damage" during the policy period caused by an "occurrence" that is not otherwise excluded under the policies.

37.     The Rosendin and Aldridge Policies further provide that Travelers is under no obligation to provide benefits until all the collective limits of the CCIP policies have been fully and properly exhausted.

38.     Travelers is informed and believes Defendants disagree with Travelers' position.

39.     An actual controversy exists between Travelers and Defendants regarding whether the Underlying Action seeks damages for covered "property damage" and whether the underlying policies have been properly exhausted.

40.     Travelers seeks a judicial declaration, order, and judgment that the Travelers policies do not provide coverage for damages sought in the Underlying Action or that the Rosendin and Aldridge Policies do not attach.  Such judicial determination is necessary and proper in order that all parties are bound by the same interpretation of the Rosendin and Aldridge Policies.

1

2

3

## SECOND CAUSE OF ACTION FOR
## EQUITABLE REIMBURSEMENT
### (By Travelers Against Insured Defendants)

4       41.    Travelers hereby re-alleges and incorporates by reference each allegation

5   contained in all preceding paragraphs of this Complaint as though fully set forth herein.

6       42.    Travelers has paid $2,300,000 in defense fees and costs in the Underlying

7   Action.  Travelers did not pay these sums as a volunteer.  When Travelers agreed to

8   defend A/RJV, it specifically reserved its rights to seek reimbursement from A/RJV,

9   including its members, of any defense fees and costs related to claims that are not

10  potentially covered under the Rosendin and Aldridge Policies.

11      43.    As a result of A/RJV's unjust enrichment, a quasi-contractual right of

12  reimbursement has arisen in favor of Travelers in the amount paid for the defense of

13  claims not potentially covered under the Rosendin and Aldridge Policies, plus interest.

14  The precise amount of reimbursement that is appropriate will be subject to proof at

15  trial, but the current defense fees and costs paid by Travelers exceed $ 2,300,000.

16

17

18

## THIRD CAUSE OF ACTION
## EQUITABLE CONTRIBUTION
### (By Plaintiff Against Insurer Defendants)

19      44.    Plaintiff hereby re-alleges and incorporates by reference each allegation

20  contained in all preceding paragraphs of this Complaint as though fully set forth herein.

21      45.    Plaintiff agreed to defend A/RJV in the Underlying Action, as an insured

22  against the claims asserted in the Underlying Action, pursuant to the terms and

23  conditions of the Rosendin and Aldridge Policies and subject to a reservation of its

24  rights.

25      46.    Plaintiff is informed and believes and thereon alleges the policies issued

26  by Insurer Defendants provide liability insurance to A/RJV, designating A/RJV as an

27  insured thereon as to the Underlying Action.  Plaintiff is further informed and believes

28  and thereon alleges the allegations made, pleaded or otherwise asserted against A/RJV

COMPLAINT

in the Underlying Action, if true, set forth claims for damages potentially covered under the policies issued by Insurer Defendants.

47.    As such, Insurer Defendants, and each of them, were obligated to participate in the defense of A/RJV in the Underlying Action by reason of their respective underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages from bodily injury or property damage potentially covered under their respective policies.

48.    All conditions precedent to the obligations of Insurer Defendants under their respective policies of insurance have been satisfied, waived, and/or excused.  The obligations of Insurer Defendants to defend A/RJV is currently due and owing.

49.    Insurer Defendants, and each of them have to date failed to participate in the defense of A/RJV and/or failed to contribute a full and equitable share toward Plaintiff's costs of defending A/RJV which have been incurred in connection with the Underlying Action, or have failed to contribute a full and equitable share of the defense of A/RJV in the Underlying Action after agreeing to do so.

50.    By reason of the failure of Insurer Defendants to discharge their obligations and equitably participate in the defense of A/RJV, Plaintiff has incurred and will continue to incur or will incur and/or pay more costs than it would have had Insurer Defendants agreed to defend and/or contribute a full and equitable share to the defense of A/RJV in the Underlying Action in performance of their due and owing obligations under their respective insurance policies.

51.    The failure of Insurer Defendants to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in that Plaintiff has paid more than its equitable share of the costs of defending A/RJ in the Underlying Action without the participation of Insurer Defendants in paying for such costs.

52.    Because of their wrongful failure to discharge their obligations under their respective policies of insurance, Plaintiff is entitled to an award of equitable

COMPLAINT

contribution, to reimburse it for costs equivalent to the fair and equitable proportionate share of Insurer Defendants of the total costs of defense incurred in connection with the claims against A/RJV in the Underlying Action, with interest thereon at the prescribed legal rate.

## FOURTH CAUSE OF ACTION
## EQUITABLE INDEMNITY
## (Against Insurer Defendants)

53.    Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

54.    This claim for equitable indemnity is pled in the alternative to the cause of action for equitable contribution.

55.    The Insurer Defendants were each obligated to provide A/RJV with a defense to the Underlying Action.  However, Insurer Defendants, have either failed to pay or have not paid their equitable share of the defense costs of A/RJV.  As a consequence, Plaintiff has paid in excess of its equitable share, if any, of the defense costs of A/RJV.

56.    Insurer Defendants are primarily and/or exclusively liable for the defense costs of A/RVJ, and thus in equity are required to reimburse Plaintiff for their equitable share of said defense costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment, as follows:

## ON THE FIRST CAUSE OF ACTION

1.    For a declaration by this court that Insurer Defendants have a duty to defend A/RJV in the Underlying Action;

2.    In the alternative, for a declaration by this court that Travelers is not obligated to defend A/RJV in the Underlying Action as it does not seek covered property damage as defined by the Rosendin and Aldridge Policies;

3.      For a declaration by this court that the CCIP insurance has not exhausted and therefore Travelers has no current duty to defend or indemnify A/RJV in the Underlying Action under the Rosendin and Aldridge Policies;

## ON THE SECOND CAUSE OF ACTION

1.      For reimbursement to Plaintiff for all policy benefits, defense fees, costs, and sums advanced to A/RJV in defense of the Underlying Action, plus pre-judgment interest, such that Defendants herein are not unjustly enriched by Plaintiff.

## ON THE THIRD CAUSE OF ACTION

1.      For a declaration that Plaintiff is entitled to equitable contribution from Insurer Defendants of legal defense fees and costs incurred by Plaintiff in providing A/RJV with a defense to the Underlying Action.

2.      For reimbursement to Plaintiff for all policy benefits, defense fees, costs, and sums advanced to A/RJV in defense of the Underlying Action, plus pre-judgment interest, such that Insurer Defendants herein are not unjustly enriched by Plaintiff.

## ON THE FOURTH CAUSE OF ACTION

1.      For reimbursement to Plaintiff for all policy benefits, defense fees, costs, and sums advanced to A/RJV in defense of the Underlying Action, plus pre-judgment interest, such that Defendants herein are not unjustly enriched by Plaintiff.

## ON ALL CAUSES OF ACTION

1.      For general damages in an amount subject to proof, including but not limited to the value of policy benefits;

2.      For Plaintiff's attorneys' fees and costs incurred in this action;

3.      For pre-judgment and post-judgment interest;

4.      For costs of suit herein; and

5.      For such other and further relief as this Court deems just and proper.

COMPLAINT

6.      For reimbursement to Plaintiff for all policy benefits, defense fees, costs, and sums advanced to A/RJV in defense of the Underlying Action, plus pre-judgment interest, such that Insurer Defendants herein are not unjustly enriched by Plaintiff.

Dated:  October 6, 2022                    **THE AGUILERA LAW GROUP, APL**

_____
A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Attorneys for Plaintiff Travelers Property Casualty Company of America

20

COMPLAINT