UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.  22-cv-05803-VC<br><br>**ORDER GRANTING ALDRIDGE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING SKANSKA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 61, 62 |

The Aldridge/Rosendin Joint Venture and the Skanska-Shimmick-Herzog Joint Venture each moved for partial summary judgment on the question whether Liberty Mutual owed a duty to defend them in an underlying action pending in state court. Aldridge's motion is granted. Skanska's motion is denied. This order assumes the reader's familiarity with the facts of the case, the relevant law, the parties' arguments, and the discussion had at the motion hearing.

Aldridge offers two grounds in support of its motion. First, it argues that the state court pleadings alone triggered Liberty Mutual's duty to defend, because the allegations evinced a potential for coverage. *See Horace Mann Insurance Company v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993) ("The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy."). Second, Aldridge argues that if the pleadings did not trigger Liberty Mutual's duty to defend, they at least put Liberty Mutual on inquiry notice, such that Liberty Mutual had a duty to conduct a reasonable investigation before denying Aldridge's tender. Liberty Mutual's investigation was inadequate as a matter of law, Aldridge argues, and so Liberty Mutual is charged with

constructive notice of the facts it reasonably could have discovered, and it must reimburse Aldridge for defense fees and costs incurred thus far. *See California Shoppers, Inc. v. Royal Globe Insurance Company*, 175 Cal. App. 3d 1, 37 (1985).

For its part, Skanska presses only the first of these arguments—that is, that the pleadings triggered Liberty Mutual's duty to defend. At the hearing, counsel for Skanska confirmed that it was not making any argument as to the adequacy of Liberty Mutual's investigation.

The pleadings in the underlying action did not trigger Liberty Mutual's duty to defend. The Santa Clara Valley Transportation Authority's cross-complaint alleged that Skanska "delayed Project completion, and caused undue additional time and expense by failing to perform work per plans and specifications; performing defective work; … installing defective materials and equipment; failing to properly supervise or schedule work; [and] failing to exercise proper or adequate site management." Dkt. No. 62-20 at 5. These allegations suggest only that defective work was performed and that defective materials were installed—they contain no suggestion that property damage may have occurred.[1]

Unable to point to any factual content in the cross-complaint suggesting the possibility of property damage, Aldridge and Skanska place great weight on the following language from the claims section of the cross-complaint: "[Skanska] knew or reasonably should have known … that [its] breach[] would give rise to economic damages, *property damage*, liquidated damages, and consequential damages." Dkt. No. 62-20 at 6 (emphasis added). This boilerplate language, unsupported by any factual content in the cross-complaint, did not immediately trigger Liberty Mutual's duty to defend.

At the hearing, counsel for Aldridge cited three cases purportedly for the proposition that even such boilerplate allegations can trigger an insurer's duty to defend: *Pension Trust Fund for Operating Engineers v. Federal Insurance Company*, 307 F.3d 944 (2002); *Buss v. Superior Court*, 16 Cal. 4th 35 (1997); and *CNA Casualty of California v. Seaboard Surety Company*, 176

---

[1] Santa Clara's first and second amended cross-complaints contained materially identical allegations.

Cal. App. 3d 598 (1986). But these cases stand for the proposition that even remote or buried *factual* allegations can trigger an insurer's duty to defend—no matter how a complaint is otherwise styled—so long as they suggest a possibility of coverage. *See Pension Trust Fund*, 307 F.3d at 954 (complaint triggered insurer's duty to defend under policy that covered claims for breach of fiduciary duty because—although the complaint contained no such cause of action— "[u]nderlying all of [the] causes of action are *factual* assertions expressly alleging that [the insured] breached a fiduciary duty it owed[.]"); *CNA Casualty*, 176 Cal. App. 3d at 608–09 (complaint in antitrust action triggered duty to defend under policy that did not cover antitrust claims because the complaint included factual allegations that the insured made intentionally misleading statements and knowingly misappropriated property, which could give rise to covered claims such as piracy, libel, slander, and misappropriation); *Buss*, 16 Cal. 4th at 41, 49 (complaint triggered insurer's duty to defend where only one of twenty-seven causes of action was covered under the policy); *see also Barnett v. Fireman's Fund Insurance Company*, 90 Cal. App. 4th 500, 506, 510 (2001) (complaint triggered duty to defend under policy covering personal injury, even though the complaint did not state any such cause of action, because there were factual allegations buried in the complaint that could give rise to a defamation claim).

These cases thus have little bearing on this case, where no factual content alleged in the pleadings suggests that property damage occurred. Skanska's motion—which sought summary judgment only on the question whether the pleadings themselves triggered Liberty Mutual's duty to defend—is therefore denied.

Although the pleadings did not immediately trigger Liberty Mutual's duty to defend, they did place Liberty Mutual on inquiry notice. Liberty Mutual was thus required to conduct a reasonable investigation before reaching a decision as to Aldridge's tender. *See California Shoppers, Inc.*, 175 Cal. App. 3d at 37. No reasonable juror could conclude that it did so. In response to Aldridge's tender, Liberty Mutual sent an email acknowledging receipt and communicating that it would "need to review the file material in its entirety as well as the allegations pled in any complaint to determine whether [Aldridge] potentially would by [sic]

covered" and that "[a]fter we have completed our review, we will provide you with a position on our defense and indemnity obligations to you." Dkt. No. 66-17. Without asking Aldridge a single question or requesting a single piece of additional information, Liberty Mutual then sent a denial letter, explaining that neither the pleadings nor other publicly available information—such as press releases and reports made by Santa Clara to its board of directors—suggested that property damage had occurred. Dkt. No. 62-3.

At the hearing, counsel for Liberty Mutual urged that Liberty Mutual's response to Aldridge's tender must not be viewed in a vacuum—Aldridge's tender related to a project gone wrong which Liberty Mutual had been investigating (or trying to investigate) for years, because it had previously received related tenders from both Skanska and Santa Clara. While it's true that Liberty Mutual had requested additional information from Skanska and Santa Clara on multiple occasions to no avail, their unresponsiveness did not absolve Liberty Mutual of its independent obligation to Aldridge to reasonably investigate *its* tender. As it turns out, had Liberty Mutual requested additional information from Aldridge, it might have discovered what it claims to have learned only later: property damaged occurred, and it therefore owed duties to defend Skanska and Aldridge.

Aldridge is entitled to reimbursement from Liberty Mutual for all defense fees and costs incurred in the underlying litigation since March 2, 2021, when Liberty Mutual's duty to investigate was triggered by Aldridge's initial tender. And because Liberty Mutual has breached its duty to defend, it has forfeited its right to control the defense, including the right to limit the rate paid to defense counsel under section 2860 of the California Civil Code. *See J.R. Marketing, LLC v. Hartford Casualty Insurance Company*, 158 Cal. Rptr. 3d 41, 49 (2013). If Aldridge wishes to receive payment now rather than at the conclusion of the litigation, it may file an administrative motion seeking entry of a separate judgment consistent with this order under Rule 54(b).

**IT IS SO ORDERED.**

Dated: May 16, 2023

_____

VINCE CHHABRIA
United States District Judge